**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NIVA PATEL, § | |
|     Plaintiff, § | |
| § | Civil Action No. 3:10-CV-00143-K (BF) |
| v. § | |
| § | |
| CHASE HOME FINANCE and BANK OF § | |
| AMERICA, § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. The Court recommends that the District Court dismiss Plaintiff's claims against Chase Home Finance and Bank of America (Defendants) for Plaintiff's failure to effectuate service within 120 days of the date she filed her Complaint.

**Background**

Plaintiff, proceeding pro se, filed this case on January 27, 2010. On May 27 2010, the 120-day period to effectuate service expired. *See* FED. R. CIV. P. 4(m). On July 20, 2010, this Court ordered that:

> By August 4, 2010, Plaintiff shall effectuate service on Defendants or show good cause why she has not served Defendants. Plaintiff must also within fifteen days file a valid return of service with the Court or otherwise show that each Defendant has been served. The Court will recommend dismissal of Plaintiff's case without prejudice if she fails to comply with this Order.

Plaintiff responded on July 27, 2010 with a "Notice and Certificate of Service," stating that she "certif[ies] that a true and correct copy of all documents filed in cause no. 3:10-cv-00143-K and

copy of the notice and certificate of service was sent to the interested parties via certified mail." She enclosed a copy of the "return receipt" and tracking information. One return receipt showed that something addressed to "Recontrust Company" at 2380 Performance Dr., MS #TX2-984-04-07, Richardson, TX 75082 was received by someone on February 1, 2010. Another return receipt showed that someone at Chase Home Finance, P.O. Box 24696, Columbus, OH 43224-4696 received something on February 1, 2010. Plaintiff's response does not mention Bank of America.

## Dismissal for Lack of Legal Service

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal without prejudice. FED. R. CIV. P. 4(m). Proof of service must be filed with the Court unless service is waived. FED. R. CIV. P. 4(l). This proof consists of a "server's affidavit" except when service was made by a United States marshal or deputy marshal." *Id.* Additionally, Local Rule 4.1 provides that "[p]roof of service . . . must be made by filing with the clerk the summons and any supporting documentation required or allowed by Fed. R. Civ. P. 4. . . ." Plaintiff's notice and certificate of service does not comply with Fed. R. Civ. P. 4(l) or Local Rule 4.1. Moreover, even if it could be considered a "server's affidavit," Plaintiff was not authorized by Rule 4 (c)(2) to effectuate service. Moreover, Plaintiff's certificate of service of a mailing to Chase Home Finance shows that any attempt at service was similarly deficient. Subsection (c)(2) of Rule 4 provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2) (emphasis added). The federal rules of civil procedure do not allow a party to serve process. *Id*. Accordingly, Plaintiff's attempts to serve Defendants were

2

ineffective. *See Jackson v. Atrium Companies, Inc.*, No. 3:04-CV- 0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004). Additionally, even if someone other than Plaintiff had effectuated service, which the record does not show, Plaintiff has not shown that a properly issued summons and a copy of the complaint were served on officers, managing or general agents, or any other agent authorized by appointment or by law to receive service of process for Chase Home Finance and for Bank of America. Thus, Plaintiff has not shown that she properly served Defendants within 120 days as provided by Rule 4(m).

A court should extend the time to serve the defendant if the plaintiff shows good cause for the failure to properly effect service. FED. R. CIV. P. 4(l). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Such a plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit, that the defendant would not suffer any prejudice by the court's extending the 120-day deadline, and that the plaintiff would be severely prejudiced if his or her complaint were dismissed. *Hickman v. U.G. Lively,* 897 F. Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). A litigant's pro se status alone does not excuse failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). The plaintiff bears the burden of showing good cause. *Id*.

Plaintiff does not even attempt to show good cause for her failure to properly effectuate service.

**Conclusion**

Rule 4 (c)(2) clearly indicates that service may not be made by a party. Rule 4 (h) clearly provides that to serve a corporation, partnership, or association, service must be made on an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. This Court gave Plaintiff notice that her service on Defendants was not legal and gave Plaintiff the opportunity to show cause why she had not effectuated legal service on Defendants. More than six months have expired since Plaintiff filed this case, yet Plaintiff has not complied with FED. R. CIV. P. 4 or Local Civil Rule 4.1 by effectuating and proving service on Defendants. Accordingly, Plaintiff's claims against Defendants are subject to dismissal under Rule 4(m).

**RECOMMENDATION**

The Court recommends that the District Court *sua sponte* dismiss Plaintiff's claims against Defendants for Plaintiff's failure to legally effectuate and prove service on Defendants within 120 days of filing the Complaint.

**SO RECOMMENDED**, August 23, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).